UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STRIKE 3 HOLDINGS, LLC, a limited liability
company,

        Plaintiff,

v.                                      Case No. 8:19-cv-582-T-36AEP

JOHN DOE subscriber assigned IP address
70.126.46.68, an individual,

        Defendant.
_____/

## ORDER

This cause comes before the Court upon Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (Doc. 8). Plaintiff filed this action alleging direct copyright infringement against an unnamed Defendant ("John Doe") for unlawfully reproducing, distributing, or transmitting a motion picture for which Plaintiff holds the copyright (Doc. 1). Plaintiff has identified the Internet Protocol ("IP") address for the John Doe Defendant from which the allegedly infringing conduct has occurred. By the instant motion, Plaintiff seeks to issue a third-party subpoena to the John Doe Defendant Internet Service Provider ("ISP") to ascertain the John Doe Defendant's true identity prior to the scheduling conference required under Rule 26(f), Federal Rules of Civil Procedure (Doc. 4).

Typically, absent a court order, a party may not seek discovery from any source before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). A court may allow expedited discovery prior to the Rule 26(f) conference upon a showing of good cause, however. *Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc.*, 8:08-cv-310-T-27MAP, 2008 WL 927558 *1 (M.D. Fla. April 4, 2008); *Arista Records LLC v. Does 1-7*, 3:08-CV-18(CDL), 2008 WL 542709 *1 (M.D.

Ga. Feb. 25, 2008); *see* Fed. R. Civ. P. 26(b) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). Here, Plaintiff has established that it holds a copyright for multiple movies allegedly copied and distributed by the John Doe Defendant through the use of BitTorrent protocol (Doc. 7, Ex. A, Declaration of Greg Lansky ("Lansky Declaration")) and that a forensic investigation revealed potential infringement of Plaintiff's rights in that work by the John Doe Defendant (Doc. 7, Ex. B, Declaration of Tobias Fieser ("Fieser Declaration")). Plaintiff has clearly identified the information sought through discovery by identifying the IP address of the John Doe Defendant as well as the "hit date," city, state, ISP, and network for the IP address and shown that it has no other way to obtain the John Doe Defendant's true identity. Moreover, the information Plaintiff seeks is time sensitive as ISPs do not retain user activity logs for an extended duration. *See*, *e.g.*, *Arista Records*, 3:08-CV-18(CDL), 2008 WL 542709 *1; *Digital Sin, Inc. v. Does* 1-176, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) ("[E]xpedited discovery is necessary to prevent the requested data from being lost forever as part of routine deletions by the ISPs."). Accordingly, if Plaintiff does not timely obtain the John Doe Defendant's identifying information, Plaintiff may lose its ability to pursue its claims in this action. As such, Plaintiff has established good cause for proceeding with expedited discovery prior to the Rule 26(f) conference.

Although Plaintiff has shown good cause for early discovery, its broad request does not sufficiently protect against the likelihood that innocent Defendants may be publicly identified by having their identities associated with allegations of illegal downloading or adult films. As another court aptly stated,

> [T]he ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes. ... By defining Doe Defendants as ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to

> draw numerous innocent internet users into the litigation, placing
> a burden upon them that weighs against allowing the discovery
> as designed.

*SBO Pictures, Inc. v. Does 1–3036*, No. 11-4220 SC, 2011 WL 6002620 at *3 (N.D. Cal. Nov. 30, 2011) (internal quotation and citation omitted). Accordingly, procedural protections are necessary before any identifying information is made public. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 (E.D.N.Y. 2012). After consideration, therefore, it is hereby

ORDERED:

1. Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference (Doc. 7) is GRANTED.

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff may also serve a Rule 45 subpoena on any service provider identified in response to a subpoena as a provider of internet services to the John Doe Defendant. Plaintiff shall attach a copy of the Complaint and this Order to any subpoena issued pursuant to this Order.

3. Each of the ISPs that qualify as a "cable operator" under 47 U.S.C. § 522(5)[1] shall comply with 47 U.S.C. § 551(c)(2)(B), which provides that

   > A cable operator may disclose [personally identifiable information] if the disclosure is ... made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

---

[1] "The term 'cable operator' means any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[.]" 47 U.S.C. § 522(5).

4. Until the ISPs disclose the John Doe Defendant's identity to Plaintiff, any motion filed by a putative Defendant or his or her counsel which fails to identify the putative Defendant's IP address or the putative Defendant's Doe Number will be denied without prejudice.

5. Upon receipt of the requested information in response to a Rule 45 subpoena served on an ISP, Plaintiff shall only use the information disclosed for the purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint.

6. To address potential issues relating to the identity of the John Doe Defendant, the parties shall adhere to the following procedures:

> a. Plaintiff shall immediately inform the John Doe Defendant who contacts Plaintiff or whom Plaintiff contacts that said John Doe Defendant has the right to obtain legal counsel to represent him or her in this matter and that anything said or provided by the John Doe Defendant can and likely will be used against him or her in this proceeding.
>
> b. Any John Doe Defendant who does not wish to be contacted by Plaintiff may at any time inform Plaintiff by phone or send Plaintiff's counsel a letter or e-mail addressed to copyright@lebfirm.com that states: "Please do not contact me (again) prior to serving me in this matter."
>
> c. Plaintiff must notify the John Doe Defendant, or his or her counsel if represented, of Plaintiff's intent to name and serve the John Doe Defendant at least fourteen (14) calendar days prior to seeking issuance of a summons from the Clerk for the identified John Doe Defendant.

DONE AND ORDERED in Tampa, Florida, on this 8th day of April, 2019.

_/s/ Anthony E. Porcelli_
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record